By the Court :
The place where a person, who has subscribed any instrument of writing as a witness, may reside, is a matter of fact, existing in parol and consequently capable of proof in different modes. The knowledge of a witness examined in court, is, at least equal to any other mode of proof. The fact of a subpena being sued out and put in the sheriff’s hands, and returned by him “ not found,” can not be higher proof than that of a witness who testifies to his own knowledge of the residence of the person. The one can, upon no principle, be held a pre-requisite to the admission of the other. The court were correct in admitting the testimony as to the residence. The authorities cited show conclusively that where the subscribing witness resides out of the jurisdiction of the court, proof of his handwriting is prima facie proof of the execution of the instrument subscribed. If we examine the question, upon principle,, we shall find no sufficient reason for departing from the rule as settled elsewhere.
The question is, where the subscribing witness to an instrument is dead or absent, what is the proper secondary evidence to prove the execution of the instrument? The production of the subscribing witness is the best evidence. Where this can not be obtained, the secondary evidence, which is substituted for it, ought to be the nearest and most similar to it, in its character and circumstances. The proof of the handwriting of the witness is, quasi bringing him into court, and the legal presumption arising *upon this proof is, that the parties called him to attest the execution and delivery of the instrument. It proves as much as the subscribing witness can prove himself, in many eases. Frequently he can do no more than recognize his own handwriting, being unable to recollect anything of the transaction. In such case his testimony that the attestation is in his handwriting, and must have been made by him, is sufficient. The proof of the handwriting proves as much; its nature and effect ought therefore to be the same.
When the subscribing witness is dead or absent, the court have usually admitted proof of the handwriting of the obligor, but it does not follow that this proof must be required in addition to proof *54 of the handwriting of the witness, nor is the exclusion of proof of the handwriting of the witness a necessary consequence of admit ting the one, where the other can not be obtained. Under proper circumstances, both modes of proof may be admissible, and either may be sufficient.
The jury were charged, that without proof that the large note, after the assignment, was delivered by the assignor to the assignee, or some person for his use, the plaintiff was not entitled to recover. Of this there was no proof; on the contrary, it was found among the papers of the assignor after his death.
The plaintiff’s counsel insist that the delivery, by the executors, was a sufficient delivery, to vest the right of property and of action in the plaintiff. But we do not think so. The assignment made by the assignor while the note remained in his possession, and where no contract of sale was proved, was a mere nullity. It was in his own power, and could at any time be legally erased. It gave no interest or title to the assignee, and when Pierce died he was the absolute owner of the note, notwithstanding the assignment. The right vested, by his death, in the executors, and could only be assigned by them. The plaintiff acquired no more right by a delivery, from the hands of the executors, than he could have acquired had they delivered him a note, payable to the testator without any indorsement. The charge of *the court on this point was correct, and the finding of the, jury is against both law and evidence.
New trial upon payment of costs.†

Note by the Editok. — See cases cited in the note to the case on page 13 of ii.