## SKOCZYLAS v McGOWAN, Admr et

Ohio Appeals, 9th Dist, Summit Co

No 2085. Decided March 2, 1933

Rockwell, Grant, Thomas & Buckingham, Akron, for plaintiff in error.

Joseph Wozniak for defendant in error.

WASHBURN, PJ.

There was evidence tending to prove some sort of an admission of Theresa Skoczylas in reference to the note, but there was evidence to the contrary by two witnesses who were present when such admission was said to have been made.

Said suit was begun in 1929, and the note sued upon bears the date of January 1, 1918, and contains upon its face, opposite the signature of said alleged maker, what purports to be the signature of two "witnesses to the mark of Theresa Skoczylas."

At the time of the trial the payee of the note was dead, and the husband of Mrs. Skoczylas, whose name appears as a co-maker upon the note, was also dead, he having died in 1919, soon after the date of said note, and one of said witnesses to said signature was dead and the other one could not be found.

The plaintiff produced a witness who testified that she was the daughter of the dead witness whose signature appears upon said note, that her father's signature as a witness was genuine, and that the written portions of the note, except the signature of said husband and the other witnesses, was in her father's handwriting. With that proof the note was admitted in evidence, without objection.

The name of Theresa Skoczylas, as it appears upon said note in connection with said mark, is misspelled—the first "e" being omitted from "Theresa" and the "y" being omitted from the last name; and in the writing above the signature of the two witnesses, "Theresa" is spelled with an extra "a" and the "y" is omitted from the last name.

After the plaintiff rested, the defense offered Theresa Skoczylas as a witness, and proposed to have her testify that she never had any dealings with the payee of the note and did not sign said note by mark or otherwise, and never knew of the existence of the note until shortly before the suit was brought. Objection being made, the court held that under the statute she was not a competent witness and refused to permit her to testify. It is claimed that this was error, but we do not so find.

The defense also offered as a witness the daughter of Theresa Skoczylas, who, at the time of the making of the note, was 15 years of age, and the court, upon objection, refused to permit her to testify that at the time said note was made her mother could write her name, and at that time did sign her name by signature and not by mark. Exception was taken to such ruling.

We hold that her evidence was competent and was relevant as bearing upon the issue of whether Mrs. Skoczylas signed said note by mark. However slight the weight of said evidence might be, it was relevant and competent, and if admitted the court could not properly have directed a verdict for the plaintiff.

"Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury."

**Painesville Utopia Theatre Co. v Lautermilch, 118 Oh St 167.**

"1. It is error for a trial judge, when the evidence is in conflict in a jury trial, to withdraw questions of fact from the consideration of the jury and charge the jury what the facts are as a matter of law.

"2. Substantial justice cannot be accomplished by entering a judgment which denies the party against whom the judgment operates substantive rights guaranteed to him by the law and the Constitution."

**Taylor v Schlichter, 118 Oh St 131.**

Such error of the court deprived the defendant of a jury trial and was therefore conclusively prejudicial, and for such error the judgment will have to be reversed.

There is another claimed error which has been very strenuously urged in this court, and that is that the proof of the signature of said witness upon said note did not constitute any evidence that the mark upon said note was made or authorized to be made by Theresa Skoczylas, the defendant in the action, and in support of said claim it is urged that the proof of the genuineness of the signature of said witness raised only an inference that someone using the name of "Thresa Skoczlas" had placed the mark upon the note, and that the jury could not be permitted to draw the further inference that the mark was placed upon said note by the defendant being sued, and that to permit such to be done would be the predicating of one inference upon another inference.

We cannot agree with this contention.

"Proof of the handwriting of the subscribing witness to a writing where the witness is out of the jurisdiction, is proof of its execution by the party."
**John Clark v John Boyd, 2 Ohio 56.**

The proof of the handwriting of a subscribing witness is, in general, prima facie evidence of the execution of the instrument by the apparent maker, for it is presumed that the witness would not have attested the instrument but for its due execution, and that is a single inference and not an inference upon an inference.

The discrepancies in the spelling of the given name and surname of the defendant in this case, are not sufficient to destroy the basis of the inference that the instrument was executed by the apparent maker thereof, but it does, of course, weaken the inference. To state it in another way, the discrepancies are not such as to authorize the court to say as a matter of law that the jury may not draw such inference; it may be that the jury will decline to draw such inference, and in any event the discrepancies undoubtedly lessen the probative value of the inference; but it is the province of the jury, in the first instance, to draw the inference and to determine the weight to be given to it.

For error in excluding the evidence hereinbefore mentioned, and in directing a verdict for the plaintiff, the judgment is reversed and the cause remanded.

FUNK, J, concurs.
STEVENS, J, not participating.